**DISTRICT ATTORNEY**
**COUNTY OF NEW YORK**
ONE HOGAN PLACE
New York, N. Y. 10013
(212) 335-9000



**ALVIN L. BRAGG, JR.**
DISTRICT ATTORNEY

# MEMORANDUM ENDORSED

September 30, 2025

**Via ECF**
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
Southern District of New York
40 Foley Square
New York, New York 10007

        Re:    *Southerland v. Bragg, et al.*
                25-CV-976 (JHR) (GWG)

Your Honor:

      I am an Assistant District Attorney and Deputy General Counsel in the Office of the New York County District Attorney ("DANY" or "the Office"), am of counsel to District Attorney Alvin L. Bragg, Jr. (the "DA"), in his capacity as Special Assistant Corporation Counsel of the City of New York and am one of the attorneys assigned to represent DA Bragg, Franklin Guenthner, Robin McCabe, and Hannah Roche in the above-captioned action (hereinafter, "the defendants"). Defendants write to respectfully request an extension of their deadline to file their motion to dismiss and in the alternative, motion for summary judgment (hereinafter, "dispositive motion"), from October 10, 2025, to and including October 24, 2025.

      This is defendants' first request to extend their deadline to file their dispositive motion, which was set by this Court's order dated September 29, 2025. (ECF No. 63.) Given that the existing deadline is October 10th, defendants again respectfully submit that it would not be feasible to obtain a timely response from the *pro se* plaintiff concerning this application given that he is currently incarcerated in New Jersey, and that previous correspondence between the parties has taken longer than a week to be delivered. As with defendants' previous request for additional time to file motion papers, defendants would consent to a reciprocal extension of plaintiff's deadline to submit any opposition, should the Court so authorize.

      As a preliminary matter, defendants note that on July 21, 2025, the Court gave defendants permission to file a motion to dismiss or in the alternative for summary judgment. (ECF No. 35.) Defendants had requested authorization to also seek summary judgment pursuant to Local Civil Rule 12.1 and Section 2(H) of the Court's Individual Practices. (*See* ECF No. 29 at 1.) However, in its most recent Order, the Court only specified defendants' motion to dismiss. (*See* ECF No. 63.) Defendants therefore respectfully request clarification as to whether they are still authorized to seek the alternative relief of summary judgment in accordance with the Court's Individual Practices.

      The requested extension is necessary to allow newly assigned co-counsel sufficient time to review the file along with relevant agency records in preparation for motion practice (*see* ECF No. 64),

and to accommodate various scheduling matters within DANY's Office of the General Counsel under the supervision of the undersigned, which include deadlines in federal and state courts pertaining to motion practice and discovery.

Therefore, defendants respectfully reiterate their request that the Court extend their deadline to respond to file their dispositive motion for two weeks, from October 10, 2025, to and including October 24, 2025.

The defendants respectfully thank the Court for its time and attention to this matter.

Respectfully submitted,

/s/ *Corey S. Shoock*

**Corey S. Shoock, Esq.**
Assistant District Attorney |
 Deputy General Counsel
*Attorney for Defendants Bragg,
 Guenthner, McCabe, and Roche*
(212) 335-3641
shoockc@dany.nyc.gov

cc: Shawn Southerland (Via U.S. Mail)
SBI No. 516654E/ 739978
East Jersey State Prison
1100 Woodbridge Road
1-Right-3-Tier 171 Cell;[1] Lock Bag R
Rahway, New Jersey 07065

Granted. The Court's Order applies to any motion to dismiss or in the alternative for summary judgment. The deadline is extended to October 24, 2025. Plaintiff's opposition shall be due November 21, 2025. Any reply shall be due December 12, 2025.

So Ordered.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge
September 30, 2025

---

[1] It is respectfully submitted that the address for plaintiff reflected on Docket Entry No. 53 is incorrect based upon recent mailing envelopes received by this Office, which are more legible than the change-of-address letter filed to the docket.

2