UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SHAWN SOUTHERLAND                                               :

             Plaintiff,                                  :

                                                                     MEMORANDUM ORDER
   -v.-                                                        :

                                                                   25 Civ. 976 (JHR) (GWG)

ALVIN L. BRAGG, JR. et al.,                                    :

             Defendants.                                 :
----------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      The complaint in this case seeks to obtain judicial records (and possibly other records) relating to Jordan Neely, who as a child was a witness at the New Jersey trial that resulted in plaintiff's conviction for murder.   Over a decade later, Neely was the victim in a prosecution brought in New York against Daniel Penny, which resulted in an acquittal.   Under a New York State statute, Criminal Procedure Law § 160.50, that acquittal in turn resulted in the sealing of the records in the criminal case against Penny (and thus of any documents therein that relate to Neely).   Plaintiff's complaint seeks to have this Court unseal the New York state court records in the Penny case to obtain any records relating to Neely.

      The parties have filed two motions, which we address next.

Motion to Unseal

      Plaintiff has filed "motion to unseal" the records in the Penny case, to which defendants have responded.   See Docket ## 37, 38, 39, 57, 58, 61.   This Court of course has power to seal and unseal its own records in accordance with applicable legal standards.   See, e.g., Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006).   But in this motion to unseal, plaintiff is not asking the Court to unseal a document that was filed on the docket in the case before it. Instead, the motion asks this Court to unseal the New York state court records in the Penny case: that is, plaintiff seeks the unsealing of the very records that he seeks to obtain through the filing of the complaint.   Whether the Court has power to order production of those records will be decided in due course as part of its consideration of the merits of this case.   In the meantime, there is no basis for the Court to unseal those same records in response to a "motion to unseal." Plaintiff's citation for authority to unseal, Criminal Procedure Law § 160.50, see Docket # 37, at 1; Docket # 38, at 2-3, further demonstrates the infirmity of this request given that § 160.50 addresses the power of "the court" to seal or unseal — plainly referring to the court in the criminal case, not some other court.   N.Y. Crim. Proc. L. § 160.50(1).   Plaintiff's other citation to authority — relating to various aspects of discovery, see Docket #38, at 2-3 — are completely irrelevant as the discovery rules do not authorize a court to afford a litigant the ultimate relief

sought in the case.   Accordingly, the motion to unseal is denied.   This denial is of course without prejudice to plaintiff's right to continue litigating the merits of this case.

Motion to Stay Discovery

Defendants have moved to stay discovery in this case pending the decision on their planned motion to dismiss or in the alternative for summary judgment — an application that plaintiff opposes.   See Docket ## 41, 42, 46, 51, 60; see also Docket ## 48, 49, 50 (plaintiff's papers opposing defendant's request to file a motion to dismiss or in the alternative for summary judgment).   "[U]pon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Fed. R. Civ. P. 26(c)."   Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd., 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (internal citations and quotation marks omitted).   In deciding whether good cause to stay discovery has been shown pending a dispositive motion, courts consider a three-factor test: "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion."   Id. (quoting Brooks v. Macy's, Inc., 2010 WL 5297756, at *2 (S.D.N.Y. Dec. 21, 2010)).

As to the discovery sought, plaintiff's opposition (Docket # 51) does not specify what discovery is sought, but given that plaintiff has already sought to obtain the documents in the Penny case through a motion to unseal, we can assume that plaintiff would seek to obtain those documents.   Plaintiff has already served interrogatories on defendants about the documents in the Penny case.   See Docket # 26.   Further, in his opposition, plaintiff states that he "seeks several subpoena's [sic] to assist in his search for the truth behind Jordan Neely's 'reported' mental illness issues."   Docket # 51, at 2.   The breadth of discovery weighs against allowing discovery to proceed given that it encompasses obtaining the very documents at issue in this case or critical information about those documents.   If it turns out that plaintiff is not entitled to the documents based on the lack of merit of his complaint, plaintiff will have obtained the relief he sought in the complaint through the subterfuge of discovery.

For these same reasons, serious prejudice would result from allowing discovery to proceed.   The public interest embodied in the Criminal Procedure Law § 160.50 will have been defeated through plaintiff's use of the discovery process even if the Court finds his complaint lacks merit.

Finally, as to the strength of the motion, defendants make persuasive arguments that the complaint will have to be dismissed on a number of grounds, including the argument that the only possible constitutional claim against the defendants would be a claim of a Brady violation and that no such violation is possible since they were not the parties that prosecuted plaintiff in New Jersey.   See Docket # 42, at 12-13.   There are also significant comity issues given that plaintiff has elected not to pursue obtaining the documents from the trial court in the Penny case.

In sum, all three factors support a stay of discovery.

Conclusion

Defendants' motion to stay discovery (Docket # 40) pending disposition of the planned motion to dismiss or in the alternative for summary judgment is granted.   Plaintiff's motion to unseal (Docket # 37) is denied.

SO ORDERED.

Dated: October 3, 2025
       New York, New York

                                                          GABRIEL W. GORENSTEIN
                                                          United States Magistrate Judge