# DISTRICT ATTORNEY
## COUNTY OF NEW YORK
### ONE HOGAN PLACE
### New York, N. Y. 10013
### (212) 335-9000



**ALVIN L. BRAGG, JR.**
DISTRICT ATTORNEY

May 14, 2026

<u>Via ECF</u>
Honorable Jennifer H. Rearden
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**
**(page 3)**

Re:    *Southerland v. Bragg, et al.*
       25-CV-976 (JHR) (GWG)

Your Honor:

I am an Assistant District Attorney and Deputy General Counsel in the Office of the New York County District Attorney ("DANY" or "the Office"), am of counsel to District Attorney Alvin L. Bragg, Jr. (the "DA"), in his capacity as Special Assistant Corporation Counsel of the City of New York, and am one of the attorneys assigned to represent DA Bragg, Franklin Guenthner, Robin McCabe, and Hannah Roche in the above-captioned action (hereinafter, "the defendants").

Defendants write to respectfully request, pursuant to Rule 72 of the Federal Rules of Civil Procedure and this Court's Order dated May 4, 2026 (*see* Memo Endorsement, ECF No. 95, hereinafter, "the May 4th Order"), that the Court clarify the briefing schedule concerning defendants' deadline to respond to plaintiff's objections to the Report and Recommendation of Magistrate Judge Gabriel W. Gorenstein dated April 16, 2026. (*See generally* ECF No. 93, hereinafter, "the R&R" (recommending that this Court grant defendants' motion to dismiss for lack of subject matter jurisdiction).) Specifically, because plaintiff has already filed two sets of objections (*see* ECF Nos. 96 and 97),[1] and may potentially seek to file further papers by June 5, 2026, pursuant to the May 4th Order, defendants respectfully request that the Court hold in abeyance defendants' deadline, or toll their time to respond, until after plaintiff's June 5th deadline has elapsed.

For the reasons which follow, if the Court were to accept plaintiff's submission designated Docket Entry No. 96 as the operative set of objections to the R&R, defendants alternatively write, in an abundance of caution, to respectfully seek an extension of their deadline to respond to plaintiff's objections from May 20, 2026, to and including May 29, 2026.

This letter motion is defendants' first request for the relief sought herein. Defendants' attempt to obtain plaintiff's position concerning this application is explained below.

As the Court is aware, on May 4, 2026, Your Honor *sua sponte* extended plaintiff's deadline to object to the R&R until June 5, 2026. (*See* May 4th Order, ECF No. 95.) However, it appears that before plaintiff received a copy of the Court's May 4th Order, plaintiff had already mailed a "letter brief", dated April 30, 2026, containing objections to the R&R. (*See* ECF No. 96, hereinafter, "the April 30th Objections".) The docket reflects that the April 30th Objections were not entered by the Clerk until May 6, 2026,[2] even though that

---

[1] Plaintiff is proceeding *pro se* in this matter.
[2] Defendants received the April 30th Objections on May 6, 2026, in an ECF email bounce.

document was deemed filed on May 4, 2026. (*See* Docket Entry for ECF No. 96.) It is therefore defendants' understanding that pursuant to Rule 72(b), their deadline to respond to the April 30th Objections would be May 20, 2026, *i.e.*, fourteen days after being served with plaintiff's objections.

On May 6th, immediately upon receiving the April 30th Objections, defendants wrote to plaintiff, who is incarcerated in New Jersey, to inquire whether plaintiff intended to seek leave from the Court to supplement his objections in light of the May 4th Order. In the event that plaintiff responded that he did not intend to make any further submission, defendants also sought plaintiff's consent for an extension of defendants' deadline from May 20, 2026, to and including May 29, 2026, to respond to the April 30th Objections. Defendants represented to plaintiff that they would need to receive plaintiff's response by May 13, 2026, in order to ensure that defendants had enough time to address these issues to the Court. As stated in previous letter motions in this litigation, due to plaintiff's incarceration, it has been largely unfeasible to obtain responsive correspondence from plaintiff in a timely fashion. (*See, e.g.,* ECF Nos. 54, 63, 78.) However, given the potential that defendants may have to respond to successive sets of objections,[3] and in light of the scheduling concerns discussed below, defendants attempted to confer with plaintiff in good faith prior to submitting this application. Nevertheless, as of the date of this filing, defendants have not yet received a response from plaintiff to their May 6th letter.

Defendants respectfully submit that it is in the interests of judicial economy for the Court to hold in abeyance their deadline, or otherwise toll their time to respond to plaintiff's objections to the R&R, until after the June 5th deadline set by the Court in its May 4th Order.[4] As defendants informed plaintiff in their May 6th letter, defendants take no position as to whether plaintiff should be afforded leave to file further objections to the R&R beyond those articulated in the April 30th Objections. However, to the extent that the Court may entertain such future submission(s) from plaintiff, defendants would be prejudiced if they were obligated to respond individually to each such filing, which may in turn result in successive filings by plaintiff in reply.

Alternatively, if the Court deems the April 30th Objections to be the operative submission from plaintiff that triggers defendants' obligation to respond, defendants respectfully request that their deadline to do so be extended from May 20, 2026, to and including May 29, 2026. This extension is necessary because counsel for defendants have several scheduling conflicts between the date of this filing and May 20th, these include federal and state court filing deadlines that were calendared prior to May 6th, pre-arranged travel commitments, and medical appointments which cannot be rescheduled.

Defendants respectfully submit that plaintiff will not be unduly prejudiced by any extension of their deadline to respond to his objections to the R&R under the terms sought by this letter motion. Whether the Court sets defendants' deadline at May 29th, or at fourteen days after their receipt of any submission made pursuant to plaintiff's June 5th filing deadline (*see* May 4th Order, ECF No. 95), neither period of time could be characterized as excessive. In fact, should the Court set defendants' deadline for the latest date contemplated by this application, defendants respectfully submit that the parties will have clarity on which papers constitute the record to which they are respectively obligated to respond or reply.

Therefore, defendants respectfully reiterate their request that the Court clarify the state of the briefing schedule with respect to plaintiff's objections to the R&R issued by Magistrate Judge Gorenstein. To the extent

[3] For example, on May 11, 2026, defendants received an "Amended Objection" to the R&R from plaintiff, dated May 5, 2026. (*See* ECF No. 97, hereinafter the "May 5th Objections", *and* Docket Entry for ECF No. 97.) While the May 5th Objections appear to largely mirror the April 30th Objections, these successive filings illustrate defendants' concern that they could be obligated to respond, piecemeal, to plaintiff's objections as they are submitted until the June 5th deadline set by the Court's May 4th Order.

[4] Given that days have passed between the date that plaintiff's recent submissions have been deemed filed and the date those filings have been entered and served on defendants via ECF (*see, e.g.* Docket Entry Nos. 96 and 97), defendants respectfully request that they be afforded the full fourteen days from service of any final objection from plaintiff made pursuant to the June 5th deadline.

2

that plaintiff's April 30th Objections, which were served on defendants via ECF on May 6, 2026, are deemed the operative filing, at minimum, defendants alternatively respectfully request that their deadline for submitting a response thereto be extended from May 20, 2026, to and including May 29, 2026.

The defendants respectfully thank the Court for its time and attention to this matter.

Respectfully submitted,

/s/   *Corey S. Shoock*

**Corey S. Shoock, Esq.**
Assistant District Attorney |
 Deputy General Counsel
*Attorney for Defendants Bragg,*
 *Guenthner, McCabe, and Roche*
(212) 335-3641
shoockc@dany.nyc.gov

cc:     Shawn Southerland (Via U.S. Mail)
        SBI No. 516654E/ 739978
        East Jersey State Prison
        1100 Woodbridge Road
        1-Right-3-Tier 171 Cell; Lock Bag R
        Rahway, New Jersey 07065

Application GRANTED.  In light of Plaintiff's *pro se* status, the Court will consider both ECF No. 96 and ECF No. 97 as Plaintiff's objections to Judge Gorenstein's Report & Recommendation.  The Court now considers Plaintiff's objections fully submitted.  Defendants shall respond to Plaintiff's objections at ECF No. 96 and ECF No. 97 by **June 22, 2026.**

The Clerk of Court is directed to terminate ECF No. 98 and to mail this Order to Plaintiff at the address below.

Shawn Southerland
516654E/739978
1-R-3-171/E.J.S.P.
1100 Woodbridge Road
Lock Bag R
Rahway, NJ 07065

SO ORDERED

Jennifer H. Rearden, U.S.D.J.
Dated: May 14, 2026

3

## DECLARATION OF SERVICE BY FIRST CLASS MAIL

I, Corey S. Shoock, declare pursuant to 28 U.S.C. § 1746 and under penalty of perjury that on May 14, 2026, I served the following:

- Defendants' Letter Motion to Extend Deadline to Respond to Plaintiff's Objections to the April 16, 2026 Report and Recommendation of Magistrate Judge Gabriel W. Gorenstein

in the case captioned: *Shawn Southerland v. Alvin Bragg, et al.*, 25-CV-976 (JHR)(GWG) by depositing

a copy of same, enclosed in a first-class, postpaid properly addressed wrapper, in an official depository,

and under the exclusive care and custody of the United States Postal Service, upon the following:

> Shawn Southerland
> SBI No. 516654E/ 739978
> East Jersey State Prison
> 1100 Woodbridge Road
> 1-Right-3-Tier 171 Cell; Lock Bag R
> Rahway, New Jersey 07065

Dated: New York, New York
       May 14, 2026

/s/     *Corey S. Shoock*

**Corey S. Shoock**
Assistant District Attorney |
 Deputy General Counsel
*Attorney for Defendants Bragg,*
 *Guenthner, McCabe, and Roche*
(212) 335-3641
shoockc@dany.nyc.gov